UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY COBB,

    Plaintiff,

    v.

RUSSELL W. BROWN, JR., REGION
LAWYERS INC., THE,

    Defendants.

CAUSE NO. 3:25cv1022 DRL-SJF

OPINION AND ORDER

Anthony Cobb was a prisoner without a lawyer when he filed this complaint. ECF 2. He has since been released. ECF 6. Under 28 U.S.C. § 1915A, however, the court must still screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court must give a *pro se* complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

On November 22, 2022, Mr. Cobb alleges he discussed filing a civil complaint against the Lake County Jail and one of its officers with Russell W. Brown, who is an attorney employed by The Region Lawyers, Inc. Approximately two years after the original discussion, Attorney Brown notified Mr. Cobb that "the complaint was never filed due to changing calendar systems, that the deadline was not transferred over

therefore going outside of the statute of limitations of 2 years." ECF 2 at 3. Attorney Brown apologized for the mistake and informed Mr. Cobb that he carries liability insurance. *See* ECF 2-1. Due to this mistake, Mr. Cobb believes he was "subjected to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution and denied Due Process under the Fourteenth." ECF 2 at 3. He has sued Attorney Brown and The Region Lawyers, Inc., pursuant to 42 U.S.C. § 1983 for compensatory and punitive damages of $240,000.

An individual alleging a violation of a federal right may bring a civil action under 42 U.S.C. § 1983 to remedy that violation. However, § 1983 has its limits—both the types of violations it covers and the people who may be sued. To state a proper cause of action, a plaintiff must allege that he was deprived of a federal right and that the person who deprived him of that right acted under color of state law. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Mr. Cobb's complaint doesn't satisfy those requirements. "[A]ttorneys are private actors who do not function under color of law unless they work in concert with government officials to deprive persons of their constitutional rights." *Hefley v. Bruch*, 276 Fed. Appx. 506, 507 (7th Cir. 2008) (citing *Tower v. Glover*, 467 U.S. 914, 920 (1984)). "Whether privately retained or appointed by a court, lawyers do not act under color of law merely by representing their clients." *Id.* (citations omitted); *see also Polk Cnty. v. Dodson*, 454 U.S. 312 (1981) (even an appointed public defender does not act under color of state law). Accidentally missing the deadline to file Mr. Cobb's civil complaint didn't transform Attorney Brown or The Regions Lawyers, Inc., into state

actors. Accordingly, they can't be sued under § 1983, so this court lacks federal question jurisdiction.

To the extent Mr. Cobb is asserting a claim for legal malpractice, that is a state, not a federal cause of action. Therefore, this court's subject matter jurisdiction—it if exists at all—must be based on diversity. Diversity jurisdiction under 28 U.S.C. § 1332 requires (1) complete diversity of citizenship between the plaintiffs and the defendants, and (2) the proper amount in controversy (more than $75,000). Complete diversity of citizenship means that "no defendant may share the same state citizenship as any plaintiff." *Big Shoulders Capital LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 571 (7th Cir. 2021). For an original complaint, The day the suit was filed is "the operative date for determining the existence of diversity jurisdiction." *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002). Normally, "[a] prisoner is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state." *Id.* (quotations and citation omitted).

Here, Mr. Cobb doesn't specifically allege his citizenship, but he was serving time in an Indiana prison for offenses he committed in Indiana when he filed this lawsuit. *See, e.g., State of Indiana v. Anthony Devante Cobb*, Cause No. 45G01-2109-F4-000168 (Lake Sup. Ct. 1 filed Sept. 13, 2021), available online along with his other Indiana criminal cases at: https://public.courts.in.gov/mycase (last visited Jun. 9, 2026). He has since been released and has moved to a residential address in Indiana. Based on these facts, it cannot be inferred that Mr. Cobb is a citizen of anywhere but Indiana. With regard to Attorney Brown, he is listed on the Indiana Roll of Attorneys as an active attorney in good standing

in the State of Indiana. *See* https://courtapps.in.gov/rollofattorneys (last visited Jun. 9, 2026). More important, The Region Lawyers, Inc., is listed as a for-profit-corporation incorporated in the State of Indiana with Russell W. Brown, Jr., listed as its president and registered agent and its principal place of business and office address listed as 2080 N. Main St., Suite 1, Crown Point, IN 46307. *See* https://bsd.sos.in.gov/publicbusinesssearch (last visited Jun. 9, 2026).[1] Accordingly, The Region Lawyers, Inc., is a citizen of Indiana. *See, e.g., Big Shoulders Capital LLC*, 13 F.4th at 571 ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business") (quoting 28 U.S.C. § 1332)); *see also Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 739 (7th Cir. 2004) ("for purposes of diversity jurisdiction a corporation is a corporation is a corporation") (citation omitted)). Viewing the complaint and this publicly available information together, diversity jurisdiction does not exist in this case. *See Big Shoulders Capital LLC*, 13 F.4th at 571 ("no defendant may share the same state citizenship as any plaintiff"); *see also Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 693 (7th Cir. 2003) (noting that a judge must check diversity jurisdiction independently).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad

---

[1] Russell W. Brown, Jr., is also listed as the "Incorporator" with an address in Merrillville, Indiana.

discretion to deny leave to amend a complaint where the amendment would be futile."

*Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A because it is frivolous to bring a lawsuit in a court that lacks jurisdiction.

SO ORDERED.

June 12, 2026                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court